# ADJUSTABLE RATE NOTE

(LIBOR Six-month Index (As Published In *The Wall Street Journal*) — Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

November 30, 2007                    SACO                    ME
                                     [City]                  [State]

                         129 BEACH STREET
                         SACO, ME 04072
                         [Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ $200,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is Accredited Home Lenders, Inc., A California Corporation. I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 10.875%. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1st day of every month, beginning on February 1, 2008. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on January 1, 2038, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. Box 502480 San Diego, CA 92150-2480 or at a different place if required by the Note Holder.

MIN # :                    RENY                    Initials: JPR
ARMNOTE1.UFF               Page 1 of 6              Loan #
                                                   AHL modified FannieMae 3520 (1/01)

EXHIBIT

B

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ 1,885.78.    This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4.  ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the 1st day of January, 2013 and on the 1st of every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding Seven And Seven-eighths percentage points ( 7.875 %)  to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 11.875% or less than 10.875%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One percentage point(s) (1.000) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 17.875% or less than 10.875%.

MIN #
ARMNOTEZ.uFF

RENY
Page 2 of 6

Initials: JPR
Loan #
AHL modified FannieMae 3520 (1/01)

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayment. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payment after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of Ten calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

Initials: JPR

MIN #
ARMNOTE3.UFF

RENY
Page 3 of 6

Loan #
AHL modified FannieMae 3520 (1/01)

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

MIN #
ARMNOTE4.UFF

PENY
Page 4 of 6

Initials: JPR
Loan #
AHL modified FannieMae 3520 (1/01)

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

### Transfer of the Property or a Beneficial Interest in Borrower.

If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MIN #
ARMNOTE5.UFF

RENY
Page 5 of 6

Initials: JPR
Loan #
AHL modified FannieMae 3520 (1/01)

**BY SIGNING BELOW**, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Note.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.**

Borrower
JACQUELINE P. RENY                          Date

Borrower                          Date          Borrower                          Date

Borrower                          Date          Borrower                          Date

Borrower                          Date          Borrower                          Date

Borrower                          Date          Borrower                          Date

MIN #
ARMNOTE6.UFF

RENY
Page 6 of 6

Loan # (
AHL modified FannieMae 3520 (1/01)

Loan No:

Mortgagee: JACQUELINE P. RENY

Address:    129 BEACH STREET
            SACO, ME 04072

Loan Amount:$ 200,000.00

# ALLONGE TO NOTE

PAY TO THE ORDER OF:

Deutsche Bank National Trust Company, as
Trustee for LSF MRA Pass-Through Trust

WITHOUT RECOURSE

Scott T Stevens
Assistant Secretary
Accredited Home Lenders, Inc., A California Corporation

MIN #                        RENY              Loan #
AHL 620017.UFF               Page 1 of 1

# ALLONGE TO NOTE

Account Number:

Allonge to Note Dated:  **11/30/2007**

And Executed by:  **JACQUELINE RENY**

Property Address:  **129 BEACH STREET**
**SACO, ME  04072**

Loan Amount:  **$200,000.00**

Pay to the order of:  **VOLT RLF XII TRUST**

Without recourse:  **DEUTSCHE BANK NATIONAL TRUST COMPANY,**
**AS TRUSTEE FOR LSF MRA PASS-THROUGH**
**TRUST, BY VERICREST FINANCIAL, INC. AS ITS**
**ATTORNEY IN FACT**

By:  **Roy Lacey**

Title:  **Authorized Signatory**

# ALLONGE TO NOTE

Account Number:

Allonge to Note Dated:       11/30/2007

And Executed by:             JACQUELINE RENY

Property Address:            129 BEACH STREET
                             SACO, ME  04072

Loan Amount:                 $200,000.00

Pay to the order of:         CITIBANK, N.A AS TRUSTEE FOR CMLTI ASSET TRUST

Without recourse:            VOLT RLF XII TRUST, BY ITS TRUSTEE U.S.
                             BANK TRUST, N.A., THROUGH VERICREST
                             FINANCIAL, INC. AS ATTORNEY IN FACT FOR
                             THE TRUSTEE

By:                          Roy Lacey

Title:                       Authorized Signatory

# Note Allonge

Statement of Purpose:  This Note Allonge is attached to and made a part of the Note, for the purpose of Noteholder Endorsement to evidence a transfer of interest.



Loan Number
Custodian Loan Number:
Servicer Loan Number:

Loan Date: **11/30/2007**
Original Loan Amount: **$200,000.00**

Lender:  **ACCREDITED HOME LENDERS, INC., A CALIFORNIA CORPORATION**

Borrower:  **JACQUELINE P. RENY**
Property Address:  **129 BEACH STREET, SACO, ME 04072**

Pay to the order of

_____

Without recourse

**CITIBANK, N.A. AS TRUSTEE FOR CMLTI ASSET TRUST, BY
MERIDIAN ASSET SERVICES, INC., ITS ATTORNEY-IN-FACT**

By: _____

Printed Name:  **HEATHER NEAL**

Title:  **VICE PRESIDENT**

Loan # _
Servicer Loan # ˙ ˉ ˙ ˙ ˙ ˙ ˙ ˙

Loan Number:

## ALLONGE TO NOTE

Original Loan Amount: $200,000.00
Note Date:            11/30/2007
Borrower(s):          JACQUELINE RENY
Property Address:     129 BEACH STREET
                      SACO, ME 04072

PAY TO THE ORDER OF

: _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

WITHOUT RECOURSE

CITIBANK, N.A. AS TRUSTEE FOR CMLTI ASSET TRUST



**Ben Morris**

Authorized Signatory of Fay Servicing, LLC, its Attorney in Fact