NANCY E HAMMOND, REGISTER OF DEEDS
E-RECORDED    **Bk 19825   PG 673**
**Instr # 2026001434**
01/15/2026  01:21:19 PM
Pages 2      YORK CO

After recording, return to:

Wilmington Savings Fund Society, as
Trustee
c/o Fay Servicing, LLC
1601 LBJ Freeway, Suite 150
Farmers Branch, TX 75234

**No Exhibit**

## QUITCLAIM ASSIGNMENT OF MORTGAGE

WHEREAS, Accredited Home Lenders, Inc., a California Corporation ("Lender"), is identified as the "Lender" on a certain mortgage executed by Jacqueline P. Reny, and bearing the date of November 30, 2007, securing the real property located in the State of Maine, with an address of 129 Beach Street, Saco, ME 04072, and recorded on December 7, 2007, in York County Register of Deeds in Book 15314, Page 376 – 396 (hereinafter the "Mortgage");

WHEREAS, pursuant to an Order Appointing Receiver to Carry Out Court Judgment entered by the Superior Court of California (County of San Diego) (the "Order"), Richardson Griswold was appointed as receiver for Lender to execute this Quitclaim Assignment, a true copy of the Order is attached hereto as **Exhibit A**;

WHEREAS, Lender has certain rights that are described in the Mortgage;

WHEREAS, Mortgage Electronic Registration Systems, Inc. was designated the original mortgagee in the Mortgage and as the nominee of Lender and its successors and assigns;

WHEREAS, this Quitclaim Assignment is not intended to and does not modify or assign any of the rights, title or interests that Mortgage Electronic Registrations Systems, Inc. has or had in the Mortgage; and

WHEREAS, Lender wishes to convey and assign any and all rights it may have under the Mortgage.

Accordingly, Lender hereby assigns and quit claims to **Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee for the FLIC Residential Mortgage Loan Trust I**, all of its rights, title and interests (whatever they may be, if any) in the Mortgage.

ACCREDITED HOME LENDERS, INC., a
California Corporation

Dated: JANUARY 5, 2026          By: _____

Richardson Griswold, Court Appointed
Receiver



**EXHIBIT**

**F**

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ___San Diego___

On __January 4, 2026__ before me, ___Jamie Eberhardt, Notary Public___
(insert name and title of the officer)
personally appeared ___Richardson Griswold___ ,
as Court-Appointed Receiver for Accredited Home Lenders, Inc., a California corporation provided to me through satisfactory evidence of identification, which was __CA Drivers License__ to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose as the free act and deed for Accredited Home Lenders, Inc., a California corporation.

WITNESS my hand and official seal.



JAMIE EBERHARDT
Notary Public - California
San Diego County
Commission # 2450697
My Comm. Expires Jul 16, 2027

Notary Signature ___Jamie Eberhardt___ (Affix **Seal**)

NANCY E HAMMOND, REGISTER OF DEEDS
E-RECORDED   **Bk 19838  PG 439**
**Instr # 2026004059**
02/06/2026  09:43:37 AM
Pages 5      YORK CO

After recording, return to:

Wilmington Savings Fund Society, as
Trustee
c/o Fay Servicing, LLC
1601 LBJ Freeway, Suite 150
Farmers Branch, TX 75234

## QUITCLAIM ASSIGNMENT OF MORTGAGE

WHEREAS, Accredited Home Lenders, Inc., a California Corporation ("Lender"), is identified as the "Lender" on a certain mortgage executed by Jacqueline P. Reny, and bearing the date of November 30, 2007, securing the real property located in the State of Maine, with an address of 129 Beach Street, Saco, ME 04072, and recorded on December 7, 2007, in York County Register of Deeds in Book 15314, Page 376 – 396 (hereinafter the "Mortgage");

WHEREAS, pursuant to an Order Appointing Receiver to Carry Out Court Judgment entered by the Superior Court of California (County of San Diego) (the "Order"), Richardson Griswold was appointed as receiver for Lender to execute this Quitclaim Assignment, a true copy of the Order is attached hereto as **Exhibit A**;

WHEREAS, Lender has certain rights that are described in the Mortgage;

WHEREAS, Mortgage Electronic Registration Systems, Inc. was designated the original mortgagee in the Mortgage and as the nominee of Lender and its successors and assigns;

WHEREAS, this Quitclaim Assignment is not intended to and does not modify or assign any of the rights, title or interests that Mortgage Electronic Registrations Systems, Inc. has or had in the Mortgage; and

WHEREAS, Lender wishes to convey and assign any and all rights it may have under the Mortgage.

Accordingly, Lender hereby assigns and quit claims to **Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee for the FLIC Residential Mortgage Loan Trust I**, all of its rights, title and interests (whatever they may be, if any) in the Mortgage.

ACCREDITED HOME LENDERS, INC., a
California Corporation

Dated: JANUARY 5, 2026       By: _____

Richardson Griswold, Court Appointed
Receiver

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _San Diego_

On _January 6, 2026_ before me, _Jamie Eberhardt, Notary Public_
(insert name and title of the officer)
personally appeared _Richardson Griswold_ ,
as Court-Appointed Receiver for Accredited Home Lenders, Inc., a California corporation provided to me through satisfactory evidence of identification, which was _CA Drivers License_ to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose as the free act and deed for Accredited Home Lenders, Inc., a California corporation.



WITNESS my hand and official seal.

Notary Signature _Jamie Eberhardt_ (Affix **Seal**)

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/4/2025 11:15:57 AM

Clerk of the Superior Court
By M. Guyot ,Deputy Clerk

WRIGHT, FINLAY & ZAK, LLP
Gwen H. Ribar, Esq., SBN 188024
Gino D. Palmieri, Esq., SBN 357968
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
Email: gribar@wrightlegal.net; gpalmieri@wrightlegal.net

Attorney For Plaintiff, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee for the FLIC Residential Mortgage Loan Trust I

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR THE FLIC RESIDENTIAL MORTGAGE LOAN TRUST I,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ACCREDITED HOME LENDERS, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　Defendant. | Case No.: 25CU012796C<br><br>[PROPOSED] ORDER APPOINTING RECEIVER TO CARRY OUT JUDGMENT<br><br>*[Filed concurrently with Plaintiff's Application for Default Judgment by Court; Application for Appointment of Receiver; Declaration of Fay, LLC; Declaration of Richardson Griswold; Request for Judicial Notice; Request for Court Judgment; and (Proposed) Judgment]* |

The Court, having found by the evidence presented that Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee for the FLIC Residential Mortgage Loan Trust I ("Plaintiff"), is the owner and holder of a certain Note and Mortgage originated by Defendant Accredited Home Lenders, Inc., a California corporation ("Defendant"), and based thereon entered Judgment for Plaintiff and against Defendant by which Defendant is ordered and required to execute an assignment of the Mortgage to Plaintiff. The Court, having found that Defendant is a dissolved California corporation, and did not appear in this action and its default entered, hereby grants Plaintiff's application

1

[PROPOSED] ORDER

EXHIBIT

A

for appointment of a receiver to execute such assignment on behalf of Defendant pursuant to Code of Civil Procedure §§ 564 (b)(3)(6) and (9) and orders as follows:

1. Richardson Griswold is appointed as receiver to execute the assignment of the Mortgage from Defendant to Plaintiff.

2. The receiver shall immediately, and before performance of any duties:

(1) Execute and file a receiver's oath, and;

(2) File a bond required by Code of Civil Procedure section 567(b) in the amount of $10,000.

3. The receiver may charge for the receiver's services no more than $365.00 per hour.

4. After qualifying, the receiver shall, on behalf of Defendant, execute an assignment of the Mortgage to Plaintiff as the current holder and owner of the Note and Mortgage.

5. Such assignment shall be in recordable form and in the form of the Quitclaim Assignment of Mortgage attached hereto as **Exhibit 1**.

6. Plaintiff and its counsel, Wright, Finlay & Zak, LLP, shall cooperate with receiver and provide receiver with all documents and/or information necessary for receiver to carry out his duties.

7. The receiver shall not enter into an agreement with any party to this action about the administration of the receivership or about any post receivership matter.

8. The execution of the assignment of Mortgage by receiver shall be completed within 30 days after qualifying.

9. The original executed assignment of the Mortgage shall be delivered by receiver within 10 days of its execution to Plaintiff, c/o local Maine counsel, Reneau J. Longoria, Esq., Doonan, Graves & Longoria at 100 Cummings Center, Suite 303, Beverly, MA 01951.

10. Upon delivery of the original assignment of Mortgage by the receiver, receiver shall provide Plaintiff, c/o Gino D. Palmieri, Esq. of Wright, Finlay & Zak, LLP, an invoice for its services, including all reasonable and necessary expenditures and Plaintiff shall pay such invoice within 30 days of receipt.

11. The receivership shall be terminated upon the payment of receiver's invoice after the execution of the assignment of Mortgage and delivery of the original assignment of Mortgage as provided herein.

/ / /

2

12. The receiver and parties may at any time apply to this court for further instructions and orders and for additional powers necessary to enable the receiver to perform the receiver's duties properly.

13. Receiver's final report and account and discharge:

(1) Discharge of the receiver shall require a court order upon noticed motion for approval of the receiver's final report and account and exoneration of the receiver's bond, or in the alternative upon stipulation of the parties for such court order.

(2) Not later than 30 days after the receivership terminates and/or not later than 30 days after a dispute arises as to receiver's invoice to Plaintiff referenced herein, the receiver shall file, serve and obtain a hearing date on the motion for discharge and approval of the final report and account, or in the alternative the receiver shall file a stipulation for such discharge and approval of the final report and account.

(3) Notice of the motion, if any, shall be given to counsel for Plaintiff, Gino D. Palmieri, Esq. of Wright, Finlay & Zak, LLP.

(4) The motion shall contain a declaration or declarations (i) stating what was done during the receivership, (ii) the basis for the termination and a summary of the receivership accounting, which shall include total fees and expenditures incurred, fees and expenditures paid and/or reimbursed as provided herein, and fees and expenditures that have not been paid and/or reimbursed.

14. If the receiver fails to turn over property in accordance with this order, receiver shall not be paid for time and expenses after the date the receiver should have turned the property over.

15. Other orders are as follows: N/A _____

_____

_____

_____

_____

Dated: 12-04-25

JUDGE OF THE SUPERIOR COURT
**Evan P. Kirvin**

3
[PROPOSED] ORDER